LANDRY, Judge.
Plaintiff herein, Major Tate, instituted this action seeking recovery of damages from defendant, Moses Taylor; D. C. Newman, Taylor’s employer; and New Amsterdam Casualty Company, Newman’s liability insurer, in solido, for personal injury and property loss sustained in an automobile accident which occurred on November 6, 1959, at approximately 5 :30 P.M., on Louisiana Highway 19 in the Parish of East Baton Rouge, said highway being a paved two lane thoroughfare running generally in a northerly-southerly direction. The accident happened when the front end of plaintiff’s southbound 1950 Buick automobile, being driven at the" time by plaintiff, struck the rear of a 1959 International Pick-up Truck owned by defendant Newman and being operated at the time by defendant Taylor, admittedly then acting within the scope and during the course of his employment by Newman. It is undisputed that the accident occurred in the west or right southbound lane of travel. The learned trial court rejected plaintiff’s demands and plaintiff has appealed.
For a cause of action, plaintiff’s petition alleges in substance that defendant Taylor negligently backed the aforesaid pickup truck across the highway, into the path of plaintiff’s oncoming vehicle, from a parked position at a business establishment located on the east side of the road and attempted to turn the truck around in order to proceed in a southerly direction. More precisely, plaintiff’s petition avers that the accident was proximately caused by the negligence of Taylor in (1) backing his vehicle onto a main highway from premises situated beside the highway; (2) failing to have his vehicle under proper control; (3) failing to keep a proper lookout and (4) failing to yield the right of way to a vehicle traveling upon a favored thoroughfare.
Defendants deny all accusations of negligence lodged against Taylor and maintain that the accident resulted solely from the following acts of negligence attributed to plaintiff, namely, (1) traveling at an excessive rate of speed; (2) failure to maintain a proper lookout; (3) failure to maintain control of his vehicle, and (4) operating his vehicle with defective brakes. Alternatively, defendants plead the contributory negligence of plaintiff in the aforesaid respects.
Plaintiff's position is stated in the record as follows:
«* * * Plaintiff alleges that the plaintiff’s vehicle was proceeding south coming towards Baton Rouge on La. 19 which is two-lane, a cement highway, and upon reaching a point approximately thirty or forty feet from the defendant’s vehicle the defendant’s vehicle suddenly backed out into the plaintiff’s line of traffic * * * ”
On the other hand, defendants’ version of the manner in which the accident occurred is stated in the transcript as follows:
“Your Honor, we differ slightly with Mr; Bradley’s version of how this ac *335 cident happened. We admit that Moses Taylor did back out his employer D. C. Newman’s track from the Taylor Bar and Cafe back across the highway. We contend that he had stopped, shifted gears and had commenced forward before he was hit and that a sufficient time lapsed from the time he backed out in there, stopped, shifted gears and started forward for the plaintiff to have realized in plenty of time the danger and to have applied his brakes and to have stopped in time to avoid the accident * *
With the exceptions hereinafter noted, the record reveals that plaintiff and defendants are in substantial accord as to the events and circumstances leading to the accident out of which this litigation arose.
Highway 19 is shown by the record to be otherwise known as the Baker-Scot-landville Highway, situated in East Baton Rouge Parish. Plaintiff, Tate, was proceeding southerly along ■ said highway toward Scotlandville traveling at a speed estimated by plaintiff to be between SO and 55 miles per hour. It is conceded that the lawful speed limit is 60 miles per hour. At the locus of the accident the highway is straight and level for quite some distance in both directions. Approximately 200 feet north of the established point of collision, the highway is intersected by railway tracks which diagonally cross the roadway. A side road known as Rosenwald Road intersects the Baker-Scotlandville Highway 270 feet south of the point of collision.
An establishment known as Taylor’s Bar and Cafe is situated on the east side of Plighway 19 approximately 200 feet south of the aforementioned railway crossing. The building housing said establishment is shown by the record to be set back a distance of approximately 20 feet from the eastern edge of the highway right of way limit. Defendant Taylor, in the course of his employment by Newman, was in the act of calling upon an employee of the aforesaid establishment to solicit payment upon an account owed Newman. Taylor drove onto the premises of the Cafe and Bar and parked his vehicle facing in an easterly direction a short distance from and to the south of the front door of the establishment. It appears that the truck, for all practical purposes, was parked at approximately the south end of the bar and cafe building.
After transacting his employer’s business, Taylor intended to reenter the highway and proceed southerly thereon. Taylor entered his vehicle, started the engine, backed the truck in a northwesterly direction across the highway to the west or far side thereof and commenced turning to proceed in a southerly direction. Upon straightening his vehicle in the west or right southbound lane and after shifting his gears and starting forward, plaintiff’s oncoming vehicle struck the rear of the truck. It is conceded that the impact was a front end-rear end collision, the front end of plaintiff’s Buick striking the rear of the truck. It is also conceded that the impact took place entirely in the west or right southbound lane of travel.
The sole dispute revealed by the testimony concerns the distance plaintiff’s vehicle was removed from the point of impact at the time defendant Taylor entered his truck and began backing toward the highway.
According to Taylor, when he started backing his truck, he looked in both directions and observed plaintiff’s oncoming vehicle in front of the Central School which the record shows to be situated approximately one block north of the railroad which intersects the highway some 200 feet to the north of the point of collision. According to Taylor he also looked toward his right (south) and observed some oncoming traffic which he judged to be even farther removed than plaintiff’s vehicle. Taylor also stated that before the rear of his truck entered the highway he again looked in both directions and, noting that plaintiff’s vehicle was beyond the railroad, backed onto the highway. After backing to the far *336 or western edge of the highway, Taylor proceeded to turn in a southerly direction and after gaining the southbound lane and traveling approximately one car length therein, he heard the noise made by the application of plaintiff’s brakes and immediately the impact occurred.
Plaintiff testified that he was proceeding southerly in the west or southbound lane of the highway at a speed of approximately 50-55 miles per hour. When he reached a point approximately 50 to 60 feet south of Taylor’s Cafe and Bar, he observed defendant enter the truck. According to plaintiff, when he was about 20-30 feet from defendant’s truck, defendant suddenly “shot across the road”, whereupon plaintiff applied his brakes but to no avail.
It is undisputed that investigation made by certain police officers summoned to the scene, revealed that plaintiff’s vehicle left skid marks approximately 75 feet in length as determined upon pace measurement thereof. The record does not show, however, whether the aforementioned skid marks were made entirely prior to the point of impact or whether some portion thereof extended beyond the point of collision.
Upon conclusion of the trial in the court below, the learned trial judge, in open court, assigned oral reasons in support of his judgment in favor of defendants. Said reasons, which are incorporated in the record clearly reveal that the trial court concluded plaintiff failed to carry the burden of establishing a sudden emergency as contended. With this conclusion we readily concur.
The version of the accident narrated by plaintiff relates an utterly impossible occurrence. Plaintiff concedes that he was traveling between 50 and 55 miles per hour. He also maintains that he was only 50 or 60 feet north of the cafe and bar at the time defendant entered his parked truck. Finally he stoutly and consistently maintained that he was only 20 or 30 feet away when defendant suddenly “shot across the highway”. The skid marks left by plaintiff’s vehicle attests the approximate speed which plaintiff concedes. However, it is manifestly impossible that defendant could have entered his truck, started the engine, backed completely across the highway, started forward and completely gained the right southbound lane in the lapse of the approximate time of one second which was required by plaintiff’s vehicle, traveling at 50-55 miles per hour, to negotiate the distance of 60 feet separating the two vehicles. If Taylor entered his truck when plaintiff was only 60 feet away and traveling at approximately 55 miles per hour, it takes little imagination to realize that plaintiff’s vehicle would have safely passed the point of impact before defendant’s truck reached the south-bound lane of travel.
The present appeal presents questions of fact only. It is settled law that with respect to questions of fact and matters relating to the credibility of witnesses, the trial judge’s findings should be given great weight and will not be disturbed on appeal except on a showing of manifest error. Hatten v. Olin Mathieson Chemical Corporation, La.App., 112 So.2d 135; Patton v. Argonaut Underwriters Insurance Co., La. App., 110 So.2d 142.
The factual findings of our esteemed brother below are not only free of manifest error but our own consideration of the evidence reveals them to be fully supported by the record and we unhesitatingly adopt them as our own.
For the reasons hereinabove set forth, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.